IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 1:17-00195

**WINDEL LESTER
JAMES EDWARD LESTER, aka "PUNKIN"
GREG LESTER,
GEORGETTA KENNEY,
JAMES KEITH BROWNING**

## MEMORANDUM OPINION AND ORDER

Before the court is defendant Greg A. Lester's Motion for Judgment of Acquittal or in the Alternative a New Trial. ECF No. 324. The government filed a Response to Defendant's Motions for Judgment of Acquittal or in the Alternative a New Trial. For the reasons that follow, the motion is **DENIED**.

### I. BACKGROUND

On August 22, 2018, a properly impaneled jury returned verdicts of guilt (ECF No. 317) against defendant on counts 2-3, 29, and 31. The defendant argues that a judgment of acquittal or a new trial is appropriate because there was insufficient evidence to sustain guilty verdicts on his counts of conviction. ECF No. 324.

### II. APPLICABLE LAW

Rule 33 of the Federal Rules of Criminal Procedure allows a trial court to grant a new trial to a defendant upon the

defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a). When a Rule 33 motion attacks the weight of the evidence, a trial court's authority to grant a new trial is "much broader" than when a trial court decides a motion under Rule 29 of the Federal Rules of Criminal Procedure. United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985). Included within this broader discretion is the ability to weigh the credibility of witnesses. See id. However, despite a trial court's broad discretion when deciding a Rule 33 motion that attacks the weight of the evidence, a trial court should use such discretion "sparingly, and a new trial should be granted only when the evidence weighs heavily against the verdict." Id. at 1486; United States v. Singh, 518 F.3d 236 (4th Cir. 2008) (reversing a district court that granted a new trial under Rule 33 for abuse of discretion where the evidence at trial did not weigh heavily against the verdict).

### III. ANALYSIS

**A. The Weight of the Evidence Supports Conviction**

In this case, it cannot be concluded that the evidence presented at trial weighed heavily against the verdict. The court finds that the evidence at trial, both direct and circumstantial, supported the jury's guilty verdicts. Therefore, a judgment of acquittal or a new trial would be inappropriate.

## IV. CONCLUSION

Accordingly, the court **DENIES** the defendant's Motion for Judgment of Acquittal or in the Alternative a New Trial. ECF No. 324.

The Clerk is directed to send a copy of this Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this Court.

**IT IS SO ORDERED** this 20th day of December 2018.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge