IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**UNITED STATES OF AMERICA**

**v.**                                                   **CRIMINAL NO. 1:17-00195**

**WINDEL LESTER**
**JAMES EDWARD LESTER, aka "PUNKIN"**
**GREG LESTER,**
**GEORGETTA KENNEY,**
**JAMES KEITH BROWNING**

### MEMORANDUM OPINION AND ORDER

Before the court is defendant Windel Lester's Motion for a Judgment of Acquittal or in the Alternative a New Trial (ECF No. 323) and Supplemental Memorandum in Support of Judgment of Acquittal or in the Alternative a New Trial.[1] ECF No. 396. The government filed a Response to Defendant's Motions for Judgment of Acquittal or in the Alternative a New Trial and a Response to Defendant Windel Lester's Supplemental Memorandum in Support of Judgment of Acquittal or in the Alternative a New Trial. ECF No. 328, 397. For the reasons that follow, the motions are **DENIED**.

---

[1] The government argues that the defendant's supplemental memorandum (ECF No. 396) is untimely. However, the court finds that the memorandum does not amount to a separate motion and exercises its discretion to allow the defendant to supplement its timely filed motion (ECF. No 323) with the supplemental memorandum.

## I. BACKGROUND

On August 22, 2018, a properly impaneled jury returned verdicts of guilt (ECF No. 317) against defendant on counts 1, 2, 3, 5, 8, 10, 11, 12, 13, 18, 19, 21, 26, 28, 29, 31, and 33. The defendant argues that a judgment of acquittal or a new trial is appropriate because there was insufficient evidence to sustain guilty verdicts on his counts of conviction. ECF No. 323.

## II. APPLICABLE LAW

On deciding a motion under Rule 29, the court must view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences to be drawn from that evidence. United States v. Bailey, 819 F.3d 92, 95 (4th Cir. 2016); United States v. Lespeir, 725 F.3d 437, 447 (4th Cir. 2013); United States v. Royal, 731 F.3d 333, 337 (4th Cir. 2013); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The trial court is not permitted to judge the credibility of the witnesses; it must assume that the jury resolved all contradictions in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999).

Rule 33 of the Federal Rules of Criminal Procedure allows a trial court to grant a new trial to a defendant upon the defendant's motion "if the interest of justice so requires."

Fed. R. Crim. P. 33(a). When a Rule 33 motion attacks the weight of the evidence, a trial court's authority to grant a new trial is "much broader" than when a trial court decides a motion under Rule 29 of the Federal Rules of Criminal Procedure. United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985). Included within this broader discretion is the ability to weigh the credibility of witnesses. See id. However, despite a trial court's broad discretion when deciding a Rule 33 motion that attacks the weight of the evidence, a trial court should use such discretion "sparingly, and a new trial should be granted only when the evidence weighs heavily against the verdict." Id. at 1486; United States v. Singh, 518 F.3d 236 (4th Cir. 2008) (reversing a district court that granted a new trial under Rule 33 for abuse of discretion where the evidence at trial did not weigh heavily against the verdict).

### III. ANALYSIS

**A. Mail and Wire Fraud**

The jury found the defendant guilty of a mail and wire fraud scheme—specifically, guilty on counts 1, 5, 8, 10, 11, 12, and 13. The defendant's supplemental motion first argues that there was no evidence in the record that Windel Lester placed any documents in the mail or fax machine. In response, the government asserts that such evidence is not required for the

defendant to be found guilty of mail or wire fraud and cites in support to United States v. Godwin, 272 F.3d 659 (4th Cir. 2001).

Godwin held that, given the broad meaning of the term "cause" in a mail fraud prosecution, one can be found guilty if the mailing is reasonably foreseeable, even if it was not actually intended. See Godwin, 272 F.3d at 667 (citing Pereira v. United States, 347 U.S. 1, 8-9, 74 S.Ct. 358, 98 L.Ed. 435 (1954) (holding that "where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used.")).

Based upon controlling case law and the facts surrounding the case, the court finds that the government proved that Windel Lester caused the documents to be mailed or faxed in violation of the underlying mail and wire fraud statute and the jury reasonably determined that Windel Lester was guilty of doing so.

Second, the defendant's supplemental motion argues that the government's use of the conjunctive requires that the government prove the entirety of the allegation, not just a portion thereof. In response, the government cites United States v. Vann, 660 F.3d 771, 774 (4th Cir. 2011) (citing State v. Armstead, 149 N.C. App. 652, 562 S.E.2d 450, 452 (2002)), which explains that "it is settled that a charging document must allege conjunctively the disjunctive components of an underlying statute." The government also cites United States v. McNeil, 45

Fed. Appx. 225, 228 (4th Cir. 2002) for the proposition that "[t]he government must prove a scheme to defraud, but is not required to prove every act charged in the indictment in the scheme to defraud, providing that one or more of them be proven."

The court finds that the United States proved, and the jury reasonably concluded, that the defendant not only was involved in the fraudulent scheme, but also led the scheme.

**B. Unlawful Monetary Transactions – Counts 18 and 19**

Next, the defendant argues in his supplemental memorandum that the government failed to prove that he "knowingly engaged in and attempted to engage in a monetary transaction," when Windel Lester "knew the property involved in the monetary transaction was criminally derived." Specifically, the defendant argues that there is no evidence supporting an allegation that Windel Lester "knowingly engaged" in the particular transaction or that he knew the property was derived from criminal activity, as alleged in Count 18. Count 19 alleges that the defendant "aided, abetted, counseled and commanded Dudley Bledsoe to engage in an unlawful monetary transaction involving criminally derived property." The defendant argues the record illustrates no such trial testimony.

In response to the defendant's argument, the government points out that Counts 18 and 19 involve money derived from the Matoaka fire, in which the defendant was intimately involved. The government explains that Count 18 involved the $30,720 cash

5

out from the defendant's joint account with his wife, which were funds derived from the $68,719 check Bledsoe received from the Matoaka fund.  Furthermore, the Government explains that Count 19 involved the cash out from the defendant's bank account related to the $196,960 check from that same fire.  Therefore, the government argues that the defendant's role in the scheme was funding and sharing in fraudulent insurance proceeds and providing false receipts to increase the amount of the claim.

The court agrees with the government's argument and finds that the government proved that the defendant knowingly engaged in a monetary transaction with knowledge that the money was criminally derived, and aided and abetted those transactions surrounding the Matoaka fire.

**C. The Weight of the Evidence Supports Conviction**

In this case, it cannot be concluded that the evidence presented at trial weighed heavily against the verdict.  The court finds that the evidence at trial, both direct and circumstantial, supported the jury's guilty verdicts. Therefore, a judgment of acquittal or a new trial would be inappropriate.

**IV.   CONCLUSION**

Accordingly, the court **DENIES** the defendant's Motion for Judgment of Acquittal or in the Alternative a New Trial.  ECF No. 323.

The Clerk is directed to send a copy of this Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this Court.

**IT IS SO ORDERED** this 28th day of January, 2019.

ENTER:

David A. Faber
Senior United States District Judge